J-S27026-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| MELISSA A. MESSNER | : | |
| Appellant | : | No. 3003 EDA 2023 |

Appeal from the Judgment of Sentence Entered August 29, 2023
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0000729-2021

BEFORE:   LAZARUS, P.J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY NICHOLS, J.:                    **FILED DECEMBER 30, 2024**

Appellant Melissa A. Messner appeals from the judgment of sentence imposed following her convictions for aggravated assault by vehicle while driving under the influence (DUI) and other related offenses.  Appellant's counsel, Scott J. Werner, Jr., Esq., (Counsel) has filed a petition to withdraw and an ***Anders***/***Santiago***[1] brief.  After careful consideration, we affirm Appellant's convictions, affirm the judgment of sentence in part, vacate in part, remand for resentencing on the careless driving-serious bodily injury count, and deny Counsel's petition to withdraw.

_____

[*] Retired Senior Judge assigned to the Superior Court.
[1] ***Anders v. California***, 386 U.S. 738 (1967); ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).

By way of background, the record reflects that on May 30, 2020, members of the Downingtown Borough Police Department were dispatched to East Lancaster Avenue in Downingtown for a motor vehicle accident. A red SUV driven by Appellant collided with a Mini Cooper in the opposite lane of travel. As a result of the accident, the driver of the Mini Cooper, Lauren Wagner, sustained injuries to her ankle that required emergency surgery and multiple subsequent surgical procedures. The police obtained a search warrant for a draw of Appellant's blood, which revealed the presence of methamphetamines and cocaine.

The Commonwealth charged Appellant with driving under the influence (DUI) of a controlled substance-impaired ability (second offense), DUI-Schedule II or III, DUI-metabolites, aggravated assault by vehicle while DUI, aggravated assault by vehicle, recklessly endangering another person (REAP), and related summary offenses.[2] Following a jury trial, Appellant was convicted of the aforementioned offenses. The trial court imposed an aggregate sentence of thirty to sixty months' incarceration. Appellant filed a post-sentence motion, which the trial court denied. Appellant subsequently filed a timely notice of appeal.[3]

_____

[2] 75 Pa.C.S. §§ 3802(d)(2), (d)(1)(ii), (d)(1)(iii), 3735.1(a), 3732.1(a), and 18 Pa.C.S. § 2705, respectively.

[3] We note the Pennsylvania Rules of Appellate Procedure mandate that a notice of appeal be filed within thirty days after the entry of the order from which the appeal is taken. Pa.R.A.P. 903(a). In a criminal case in which a
*(Footnote Continued Next Page)*

- 2 -

The trial court did not order Appellant to file a Pa.R.A.P. 1925(b) statement. In lieu of a Rule 1925(a) opinion, the trial court issued a statement concluding that the instant appeal should be quashed because Appellant did not file a timely notice of appeal. Counsel subsequently filed with this Court an **Anders**/**Santiago** brief and a petition to withdraw.

On October 24, 2024, this Court issued a judgment order directing the trial court to file a supplemental Rule 1925(a) opinion addressing the issues identified by Counsel in his **Anders**/**Santiago** brief. The trial court complied with this Court's order on November 19, 2024. This case is now ripe for our review.

Counsel identified the following issue for our review:

Are there any non-frivolous issues preserved on appeal?

_____

post-sentence motion is filed, the thirty-day period for timely filing of a notice of appeal is measured from the entry of the order disposing of the post-sentence motions, even though the appeal is taken from the underlying judgment of sentence. Pa.R.Crim.P. 720(A)(2)(a). The Rules of Criminal Procedure, however, require that any orders be promptly served upon counsel of record and/or unrepresented parties. Pa.R.Crim.P. 114(B)(1). Finally, the Rules of Appellate Procedure define the day of entry of an order giving rise to an appeal as the day copies of the order are mailed or delivered to the parties. Pa.R.A.P. 108(a)(1), (d)(1) (applying Pa.R.A.P. 108(a)(1) to the date of entry of criminal orders).

In the instant case, the trial court entered an order denying Appellant's post-sentence motion on October 20, 2023; however, the record reflects that the parties were not served until October 23, 2023. Accordingly, Appellant's notice of appeal, which was filed on November 21, 2023, was timely filed. **See** Pa.R.A.P. 108(a)(1), (d)(1); Pa.R.Crim.P. 720(A)(2)(a).

*Anders*/*Santiago* Brief at 4 (formatting altered). Specifically, Counsel has identified claims concerning the sufficiency and weight of the evidence. *See id.* at 11-13.

"When faced with a purported *Anders*[/*Santiago*] brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw." *Commonwealth v. Wimbush*, 951 A.2d 379, 382 (Pa. Super. 2008) (citation omitted). Counsel must comply with technical requirements for petitioning to withdraw by (1) filing a petition for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) providing a copy of the brief to the appellant; and (3) advising the appellant of the right to retain private counsel, proceed *pro se*, or raise additional arguments that the appellant considers worthy of the court's attention. *See Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). In an *Anders*/*Santiago* brief, counsel must set forth the issues the defendant wishes to raise and any other claims necessary to effectuate appellate presentation of those issues. *Commonwealth v. Millisock*, 873 A.2d 748, 751 (Pa. Super. 2005).

Additionally, counsel must file a brief that meets the requirements established in *Santiago*, namely:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous.

Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

"Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." *Goodwin*, 928 A.2d at 291 (citation omitted). This includes "an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." *Commonwealth v. Flowers*, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citation and footnote omitted); *accord Commonwealth v. Yorgey*, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*).

Here, Counsel has complied with the procedural requirements for seeking withdrawal by filing a petition to withdraw, sending Appellant a letter explaining her appellate rights, informing Appellant of her right to proceed *pro se* or with private counsel, and supplying Appellant with a copy of the *Anders/Santiago* brief. *See Goodwin*, 928 A.2d at 290. Counsel also provided this Court with a copy of his letter to Appellant informing her of her rights.

Moreover, Counsel's *Anders/Santiago* brief complies with the requirements of *Santiago*. Counsel includes a summary of the relevant factual and procedural history, refers to the portions of the record that could arguably support Appellant's claims, and sets forth the conclusion that the

appeal is frivolous. *See Santiago*, 978 A.2d at 361. Accordingly, we conclude that Counsel has met the technical requirements of *Anders* and *Santiago*, and we will proceed to address the issues presented in Counsel's *Anders*/*Santiago* brief.

## Sufficiency of the Evidence

The first issue identified by Counsel is that there was insufficient evidence to warrant Appellant's convictions for DUI, aggravated assault by vehicle while DUI, REAP, careless driving-serious bodily injury, and failure to keep right. *See Anders*/*Santiago* Brief at 12-13.

When reviewing a challenge to the sufficiency of the evidence, we are governed by the following standard:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all of the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Webber*, 306 A.3d 921, 925-26 (Pa. Super. 2023) (citations omitted).

> The Vehicle Code defines DUI, in relevant part, as follows:
>
> **(d) Controlled substances.—**An individual may not drive, operate or be in actual physical control of the movement of a vehicle under any of the following circumstances:
>
> > (1) There is in the individual's blood any amount of a:
> >
> > > \* \* \*
> >
> > > (ii) Schedule II or Schedule III controlled substance, as defined in The Controlled Substance, Drug, Device and Cosmetic Act, which has not been medically prescribed for the individual; or
> > >
> > > (iii) metabolite of a substance under subparagraph (i) or (ii).
> >
> > (2) The individual is under the influence of a drug or combination of drugs to a degree which impairs the individual's ability to safely drive, operate or be in actual physical control of the movement of the vehicle.

75 Pa.C.S. § 3802(d)(1)(ii)-(iii), (d)(2). Cocaine and methamphetamines are defined as Schedule II controlled substances by the Controlled Substance, Drug, Device and Cosmetic Act. 35 P.S. § 780-104(2)(i)(4), (2)(iii)(4).

The Vehicle Code defines aggravated assault by vehicle while DUI as follows:

> **(a) Offense defined.—**Any person who negligently causes serious bodily injury to another person as the result of a violation of section 3802 (relating to driving under influence of alcohol or controlled substance) and who is convicted of violating section 3802 commits a felony of the second degree when the violation is the cause of the injury.

75 Pa.C.S. § 3735.1(a). The Vehicle Code defines serious bodily injury as "[a]ny bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement or protracted loss or impairment of the function of any bodily member or organ." 75 Pa.C.S. § 102; **see also Commonwealth v. Grays**, 167 A.3d 793, 808 (Pa. Super. 2017) (collecting cases defining serious bodily injury).

> [I]n order to sustain a conviction for aggravated assault by vehicle while DUI, the Commonwealth must show that the defendant negligently caused serious bodily injury to another individual as result of a DUI related offense. 75 Pa.C.S. § 3735.1(a). The Crimes Code defines negligence as a *mens rea* exhibited "when [a person] **should be aware of a substantial and unjustifiable risk** . . . [that is] of such a nature and degree that the actor's failure to perceive it . . . involves a gross deviation from the standard of care that a reasonable person would observe in that actor's situation."

**Commonwealth v. Black**, 323 A.3d 860, 865 (Pa. Super. 2024) (some citations omitted and emphasis in original).

The Crimes Code defines recklessly endangering another person as recklessly engaging in conduct "which places or may place another person in danger of death or serious bodily injury." 18 Pa.C.S. § 2705. Additionally, the trial court convicted Appellant of careless driving-serious bodily injury and failure to keep right,[4] both of which are summary offenses. The Vehicle Code defines careless driving as driving "a vehicle in careless disregard for the safety of persons or property[.]" 75 Pa.C.S. § 3714(a). Additionally, the

_____

[4] 75 Pa.C.S. §§ 3714(c) and 3301(a), respectively.

Vehicle Code requires that, except in certain circumstances, vehicles be driven on the right half of the roadway. 75 Pa.C.S. § 3301(a).

Here, at trial, the Commonwealth presented testimony from Ms. Wagner's daughter, Sydney Wagner, who was a passenger in her mother's vehicle at the time of the accident. N.T. Trial, 4/11/23, at 43-44. Sydney testified that prior to the accident, she noticed a red SUV from the opposite lane of travel come over the yellow line before striking her mother's vehicle head-on. *Id.* at 47.

The Commonwealth also presented testimony from Paul Haring, an eyewitness who arrived at the scene of the accident immediately after it occurred. *Id.* at 55. Mr. Haring testified that as he was assisting Ms. Wagner out of her vehicle, he could see a woman in the driver's seat of the SUV who appeared to be unconscious. *Id.* at 62, 64. Another eyewitness, Lauren Kety, identified the woman in the driver's seat of the SUV at the scene of the accident as Appellant. N.T. Trial, 4/12/23, at 18-19.

The jury then heard testimony from Downingtown Borough Police Officer Chris Scavicchio. Officer Scavicchio testified that he responded to the subject car accident on May 30, 2020. N.T. Trial, 4/11/23, at 79. He then testified that on May 31, 2020, Appellant appeared at the Downingtown Police station and, after being read her *Miranda*[5] rights, agreed to answer questions about the accident. *Id.* at 83. During questioning, Appellant stated that on the day

---

[5] *Miranda v. Arizona*, 384 U.S. 436 (1966).

of the accident, she had only taken prescription anxiety medication. *Id.* at 84.

Additionally, the jury heard testimony from Richard Cohn, PhD, a pharmacologist and forensic toxicologist. N.T. Trial, 4/13/23, at 5. Dr. Cohn performed an analysis of a blood test obtained from Appellant following the accident, which revealed the presence of methamphetamines and cocaine. *Id.* at 17.

Finally, the jury heard testimony regarding Ms. Wagner's injuries from Aleksander Emerel, DPM. Dr. Emerel testified that upon reviewing x-rays of Ms. Wagner's ankle, he concluded that Ms. Wagner suffered a "severe" fracture of the talus bone[6] and a dislocation. *Id.* at 31. Dr. Emerel further testified that the bone was exposed through the skin "in a severe manner." *Id.* As a result of her injuries, Ms. Wagner was required to undergo emergency surgery. *Id.* at 32, 35. Ms. Wagner then had to undergo a second surgery to place plates and screws in her ankle. *Id.* at 35. Due to complications following the second surgery, Ms. Wagner underwent two additional surgeries. *See* N.T. Trial, 4/12/23, at 140-42. Ultimately, as a result of her injuries, Ms. Wagner testified that she experiences pain in her foot and ankle, does not have feeling in the top of her foot, and she is unable to curl her toes, which makes walking difficult. *Id.* at 143. Ms. Wagner further

---

[6] Dr. Emerel described the talus bone as the bone that "supports the leg" at the ankle. N.T. Trial, 4/13/23, at 32.

testified that she will never be able to pivot her foot from side to side again, and that as a formerly avid runner, she would likely never be able to run again. *Id.*

Viewing this trial evidence in the light most favorable to the Commonwealth as verdict winner, we conclude that the Commonwealth has met its burden of proof in establishing Appellant's guilt of aggravated assault by vehicle while DUI, REAP, careless driving-serious bodily injury, and failure to keep right. *See Webber*, 306 A.3d at 925-26. The evidence reflects that Appellant drove a vehicle with the presence of two Schedule II controlled substances in her system without a valid prescription and got into a car accident with a vehicle in the opposite lane of travel, causing serious bodily injury. Accordingly, Appellant is not entitled to relief.

**Weight of the Evidence**

Counsel also identifies a weight-of-the-evidence claim as a potential issue for appellate review. *Anders*/*Santiago* Brief at 11-12. In her post-sentence motion, Appellant alleged that the jury "engaged in a form of jury nullification and found [Appellant] guilty perhaps not based upon the evidence but based upon a view of social issues, fairness, morality or justice." Appellant's Post-Sentence Mot., 9/8/23, at 1 (unpaginated).

When reviewing the denial of a motion for a new trial based on the weight of the evidence, we apply the following standard of review:

> A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere

- 11 -

conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court. Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence.

*Commonwealth v. Windslowe*, 158 A.3d 698, 712 (Pa. Super. 2017)

(citations omitted).

As this Court has repeatedly stated,

[t]he weight of the evidence is exclusively for the finder of fact, who is free to believe all, none, or some of the evidence and to determine the credibility of the witnesses. Resolving contradictory testimony and questions of credibility are matters for the finder of fact. It is well-settled that we cannot substitute our judgment for that of the trier of fact.

\* \* \*

Because the trial [court] judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

Furthermore, in order for a defendant to prevail on a challenge to the weight of the evidence, the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court.

*Commonwealth v. Spence*, 290 A.3d 301, 311 (Pa. Super. 2023) (citations omitted and formatting altered).

Further, it is well-settled that challenges to the sufficiency of the evidence and the weight of the evidence are distinct. *See Commonwealth v. Arias*, 286 A.3d 341, 349 (Pa. Super. 2022) (describing the difference between weight and sufficiency of the evidence); *Commonwealth v. Juray*, 275 A.3d 1037, 1046 (Pa. Super. 2022) (stating that a weight-of-the-evidence challenge concedes that the evidence is sufficient to warrant a conviction).

In the instant case, the trial court reached the following conclusion:

> After a through review of the evidence, [the trial court] unequivocally determines that the guilty verdict on each of the charges is not against the weight of the evidence. To the contrary, the evidence strongly supports the verdict on each of the counts. The testimony from the many witnesses was compelling, was corroborated by the testimony of other witnesses, and was corroborated by the admitted exhibits. The jury's verdict on theses charges is not so contrary to the evidence as to shock one's sense of justice or conscience.

Trial Ct. Op., 11/19/24, at 23.

Based on our review of the record, we discern no abuse of discretion by the trial court in denying Appellant's weight claim. *See Spence*, 290 A.3d at 311; *Windslowe*, 158 A.3d at 712. Specifically, we agree with the trial court that there was ample evidence presented to the jury for it to conclude that Appellant was driving a vehicle while under the influence of controlled substances and caused an accident resulting in serious bodily injury. *See* Trial Ct. Op. at 23. Therefore, the jury's verdict of guilty in this case does not shock

the conscience and sense of justice of a reasonable person. Accordingly, Appellant is not entitled to relief on her weight-of-the-evidence claim. *See Spence*, 290 A.3d at 311.

**Independent Review of the Record**

Finally, we are required, however, to conduct an independent review of the record to determine whether there are any "additional, non-frivolous issues overlooked by counsel." *Flowers*, 113 A.3d at 1250 (citation and footnote omitted); *see also Yorgey*, 188 A.3d at 1197.

The record reflects that the Commonwealth charged Appellant with the summary offense of careless driving-serious bodily injury. *See* Information, 3/23/21, at 4. As noted above, the trial court convicted Appellant of this offense. At sentencing, the trial court imposed a fine of twenty-five dollars plus costs. *See* Sentencing Order, 8/29/23, at 2.

Questions regarding the legality of a sentence "are not waivable and may be raised *sua sponte* on direct review by this Court." *Commonwealth v. Wright*, 276 A.3d 821, 827 (Pa. Super. 2022) (citation omitted and formatting altered). Review of the legality of a sentence "presents a pure question of law. As such, our scope of review is plenary and our standard of review *de novo*." *Id.* (citations omitted and formatting altered).

"If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated." *Commonwealth v. Warunek*, 279 A.3d 52, 54 (Pa. Super. 2022) (citation omitted and some formatting altered).

Here, the trial court convicted Appellant of the summary offense of careless driving-serious bodily injury and imposed a fine of twenty-five dollars. *See* Sentencing Order, 8/29/23, at 2; N.T. Sentencing Hr'g, 8/29/23 at 34. The Vehicles Code mandates that if a person commits careless driving and "unintentionally causes the serious bodily injury of another person as a result of the violation, the person shall, upon conviction, be sentenced to pay a fine of $250." 75 Pa.C.S. § 3714(c).

Accordingly, while we affirm Appellant's convictions, we vacate her judgment of sentence for careless driving-serious bodily injury and remand for resentencing. *See Warunek*, 279 A.3d at 54. We affirm the judgment of sentence in all other respects.

Judgment of sentence affirmed in part, and vacated, in part. Case remanded for resentencing consistent with this memorandum. Petition to withdraw denied. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/30/2024