J-A18001-23

2023 PA Super 265

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                             :          PENNSYLVANIA
                             :
            v.               :
                             :
                             :
RILEY GRAYSON WEBBER         :
                             :
            Appellant        :   No. 1420 WDA 2022

Appeal from the Judgment of Sentence Entered October 31, 2022
In the Court of Common Pleas of Greene County Criminal Division at
No(s):  CP-30-SA-0000046-2022

BEFORE:  BENDER, P.J.E., LAZARUS, J., and KUNSELMAN, J.

OPINION BY BENDER, P.J.E.:              **FILED: DECEMBER 12, 2023**

Riley Grayson Webber, Appellant, appeals from the judgment of sentence of a $300 fine imposed following his conviction for one count of permitting violation of title, 75 Pa.C.S. § 1575(a), based on Appellant's allowing an intoxicated minor to drive his vehicle. We agree with Appellant that the Commonwealth presented insufficient evidence and therefore discharge the conviction.[1]

The following evidence was presented at Appellant's summary appeal before the court of common pleas. Pennsylvania State Police Trooper Gregory Gutta testified that, on May 8, 2022, he stopped a vehicle shortly after 10 p.m., due to its "weaving within its lane," as well as crossing the center line one time and the right fog line two times. N.T., 10/31/22, at 5. The vehicle

_____

[1] Appellant was also charged with a separate summary offense concerning his vehicle's equipment, which is not at issue in this appeal.

was registered to Appellant, who was in the passenger seat. Trooper Gutta spoke with the driver, identified as Riley Richards, and "smelled the strong odor of an alcoholic beverage emanating from within … the vehicle[.]" *Id.* at 6. Trooper Gutta also observed "signs of impairment." *Id.* No further testimony was adduced on these points. Trooper Gutta stated that he filed driving under the influence ("DUI") charges against Richards and charged Appellant with one count of violating 75 Pa.C.S. § 1575(a) ("No person shall authorize or knowingly permit a motor vehicle owned by him or under his control to be driven in violation of any of the provisions of this title."). Specifically, Appellant was cited for permitting Richards to violate 75 Pa.C.S. § 3802(e), which is the DUI provision applicable to minors and criminalizes operating a motor vehicle with a blood alcohol content ("BAC") at or above 0.02 without any need to establish impairment.[2]

At the close of the Commonwealth's case, Appellant moved for judgment of acquittal, asserting that the statute required proof that Appellant "knew that Ms. Richards had alcohol" in her system. *Id.* at 14. Appellant specifically referenced the Section 3802(e) charge threshold of a .02 BAC and argued that there is no way for Appellant to know if a given individual is above that

---

[2] The Commonwealth did not establish Richards' age. Trooper Gutta testified that he was familiar with Richards due to a previous interaction and "verified her age on my mobile data terminal from PennDOT records." N.T. at 7. The Commonwealth, during argument, stated that Richards was eighteen. *Id*. at 18. Appellant does not challenge the Commonwealth's failure to produce sufficient evidence that he knew Richards' age, and we therefore do not address that aspect of the case.

- 2 -

threshold. Appellant argued that the Commonwealth, when proving an actual DUI charge, must introduce scientific evidence to establish an offender's BAC. He asserted that similar logic should prevail here with respect to his inability to ascertain Richards' BAC level without scientific testing.

The Commonwealth responded by referencing the DUI general impairment provisions, arguing that Appellant knew Richards "was intoxicated enough and showed signs … that any reasonable person would likely know that … she was under the influence to the point that she shouldn't be driving." *Id.* at 16. The trial judge pointed out that Appellant was challenging the .02 BAC threshold, and the prosecutor responded, "I don't know what [Richards] was charged with in terms of DUI. … I think that our argument is just that a reasonable person, you know, would know that [Richards] was intoxicated." *Id.*

The trial court denied the motion, and Appellant declined to present any evidence. The trial court found Appellant guilty on the basis that the driver "smelled of alcohol." *Id.* at 20. Appellant filed a timely notice of appeal and complied with the court's order to file a statement of matters complained of on appeal. Appellant raised two claims: that the weight of the evidence did not support the verdict, and that "Title 75 [§] 3802(e) is unconstitutional" as it is "impossible to know how much alcohol is in a minor's blood without testing it." Concise Statement, 12/29/22, at 1 (single page). The trial court authored a Pa.R.A.P. 1925(a) opinion crediting Trooper Gutta's testimony that he "immediately noticed the smell of alcohol" and that Richards "showed signs of

- 3 -

impairment[.]" Trial Court Opinion, 1/31/23, at 3, 4. The court addressed the claim as involving the sufficiency of the evidence, interpreting Appellant's argument to be "that he did not know [Richards'] BAC level." *Id.* at 3. Appellant raises one claim on appeal: "Is permitting a violation of … Section 1575(a) … for … Section 3802(e) unconstitutional in that it shifts the burden of proof to [Appellant] to prove he did not know that the minor driving his truck had a BAC of over .02?" Appellant's Brief at 3.

As indicated by the question presented, Appellant argues that the statute should be struck down as unconstitutional because it improperly relieves the Commonwealth of its burden to prove all elements of a crime beyond a reasonable doubt. It is axiomatic that the Commonwealth must prove every element of a crime beyond a reasonable doubt. *Patterson v. New York*, 432 U.S. 197, 210 (1977) ("[T]he Due Process Clause requires the prosecution to prove beyond a reasonable doubt all of the elements included in the definition of the offense of which the defendant is charged."). The government may impose a burden on the defense in limited circumstances. *See generally Commonwealth v. Mouzon*, 53 A.3d 738, 743 (Pa. 2012) ("The overall principle that emerges from the High Court's decisional law is that federal due process permits States to place a burden on the defendant to prove an affirmative defense by a preponderance of the evidence, so long as the defendant is not thereby required to negate an element of the offense."). Appellant apparently views the operation of this statute, at least as applied to an allegation that the defendant knowingly

authorized a driver to commit a DUI offense involving a specific BAC level, to require him to negate the element of knowing that the driver was above the specified BAC threshold. He claims that the Commonwealth forced him "to prove he did not know that [Richards'] blood alcohol level was over .02. … It is the Commonwealth's burden to prove that [Appellant] knew that Richards['] BAC was over .02, not the other way around." Appellant's Brief at 9.

Notwithstanding Appellant's request to declare the statute unconstitutional, Appellant's argument is a garden-variety sufficiency of the evidence claim challenging whether the Commonwealth established that he acted knowingly with respect to Richards' violation of Section 3802(e). Appellant does not need to establish that Richards' BAC was below 0.02, and the basis for his "burden shifting" argument is that the Commonwealth failed to produce sufficient evidence of her BAC and his knowledge thereof. Appellant's Brief at 7 ("One of the element[s] of this offense is that [Appellant] must have knowledge that the underage driver has a BAC of more than .02. The Commonwealth offered no proof as to that element."). We therefore view the issue as one involving a challenge to the sufficiency of the evidence to convict.[3] Our standard of review is well-settled:

_____

[3] While Appellant did not specifically state that the claim implicates the sufficiency of the evidence, we view that issue as properly subsumed within his claim. *See* Pa.R.A.P. 2116(a) (providing that the statement of the questions involved "will be deemed to include every subsidiary question fairly comprised therein"). Indeed, it would be impossible to address Appellant's
*(Footnote Continued Next Page)*

- 5 -

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all of the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Spence*, 290 A.3d 301, 309 (Pa. Super. 2023) (quoting

*Commonwealth v. Gause*, 164 A.3d 532, 540–41 (Pa. Super. 2017) (*en banc*)).

There is a dearth of case law on criminal convictions under this statute. Our decision in *Commonwealth v. Tharp*, 541 A.2d 14 (Pa. Super. 1988), is the most in-depth examination. In that case, Tharp drove his co-worker, Steven Scoviak, to a bar shortly after their work shift ended. While drinking, Tharp's eyes began to bother him, and he decided that he did not want to

---

argument that the burden unconstitutionally shifted to him to rebut the Commonwealth's evidence without first assessing what the Commonwealth proved. The Commonwealth likewise discusses sufficiency, arguing that the statute is not unconstitutional because it presented sufficient evidence to convict. "The challenged statute does not unconstitutionally shift the burden of proof … as the Commonwealth had met [its] burden of proof at trial." Commonwealth's Brief at 10.

drive. He let Scoviak drive his vehicle to a party at another friend's house and the men left the keys in the ignition. Tharp testified that he left the party at about 3:30 a.m., and went to sleep in his car's passenger seat. He testified that he was jolted awake at approximately 6:00 a.m., when Scoviak crashed the vehicle into a guardrail. Scoviak was arrested and later convicted of DUI. Tharp was charged with violating Section 1575(a), on the basis that he unlawfully authorized Scoviak to use his vehicle to commit a DUI.

We granted a new trial, concluding that the trial court erred in failing to properly instruct the jury. Our analysis largely centered on a dispute concerning the scope of the authorization, *i.e.*, whether Tharp's authorization to allow Scoviak to drive from the bar to his friend's house automatically extended to Scoviak's driving Tharp home from that house party. We linked the authorization to whether Tharp knew Scoviak would subsequently commit a DUI:

> A common-sense reading of [S]ection 1575(a) leads to the inescapable conclusion that some level of knowledge is necessary. To whom does its prohibition apply? The owner of a vehicle, or the person under whose control the vehicle is. What must such a person not do? Authorize or permit. Authorize or permit whom? Another. To do what? To drive the owner's vehicle. To drive how? In violation of the Motor Vehicle Code. The giving of authorization or permission must either be an affirmative act or a knowing accession. It is clear, then, that, at the minimum, the owner must know he is authorizing or permitting[,] and that this authorization or permission is specific to another's operation of his vehicle. The question becomes whether any further knowledge on the owner's part is necessary for culpability under [S]ection 1575(a).
>
> Tharp argues that, absent proof beyond a reasonable doubt that an owner knew that the driver would operate his car illegally - in

> this case[,] that Scoviak was under the influence - the Commonwealth could not convict him of the charged offense. He argues that such lack of knowledge is a complete defense to the charge and that he was entitled to a jury instruction to that effect.
>
> It is not *per se* illegal for a vehicle owner to allow someone else to drive his vehicle. Therefore, if the giving of such permission is to be a culpable act, it must have some relation to the conduct authorized. There must be some nexus between the giving of permission by the owner and the later violation of the Motor Vehicle Code by the driver.

*Id.* at 17–18.

This establishes that Section 1575(a) involves two types of "knowledge." The first is a knowing authorization to use the vehicle, which may involve considerations of the scope of authorization. The second is knowledge that the driver, assuming a valid authorization to drive, would then violate a specific provision of the Motor Vehicle Code. The first of these is not disputed by Appellant. Instead, the focus is on whether the Commonwealth proved that Appellant knew Richards would violate Section 3802(e) by operating his vehicle.

This implicates the applicable *mens rea*. The General Assembly endorsed the **Tharp** analysis when it amended the statute post-**Tharp.** The statutory language at the time **Tharp** was decided did not contain any *mens rea*; the statute merely stated that, "No person shall authorize or permit a motor vehicle owned by him or under his control to be driven in violation of any of the provisions of this title." **Id.** at 16. **Tharp** read in a *mens rea* of knowingly, and the statute as presently enacted added "knowingly" to the text. 75 Pa.C.S. § 1575(a) ("No person shall authorize or knowingly permit a

- 8 -

motor vehicle owned by him or under his control to be driven in violation of any of the provisions of this title."). Additionally, Section 302 of the Crimes Code supplies a definition of "knowingly."

**(b) Kinds of culpability defined.--**

\*\*\*

(2) A person acts knowingly with respect to a material element of an offense when:

(i) if the element involves the nature of his conduct or the attendant circumstances, he is aware that his conduct is of that nature or that such circumstances exist; and

(ii) if the element involves a result of his conduct, he is aware that it is practically certain that his conduct will cause such a result.

18 Pa.C.S. § 302(b)(2)(i-ii).

Our Supreme Court has recognized that Section 302 is based on the definition of "knowingly" set forth by the Model Penal Code. *See* ***Commonwealth v. Howard***, 257 A.3d 1217, 1226 (Pa. 2021) (OAJC). The lead opinion in ***Howard*** further stated, "as at least one commentator has observed, the Model Penal Code, unfortunately, does not define adequately the three kinds of objective elements of an offense – that is, to distinguish conduct, circumstance, and result elements." ***Id.*** (quotation marks and citation omitted). The parties here do not cite or discuss the applicability of Section 302(b), and it is not entirely clear whether the relevant element involves the "nature" of Appellant's conduct when paired with the attendant circumstances, *i.e.*, knowingly allowing Richards to drive while knowing she

was too drunk to lawfully do so, or whether it involves a "result" with respect to Richards' ultimately violating the Motor Vehicle Code. Regardless of any distinctions between those concepts, the key fact is whether Appellant knew that Richards' BAC was at or above 0.02. *Cf. Dixon v. United States*, 548 U.S. 1, 5 (2006) (explaining that as a general proposition "the term 'knowingly' merely requires proof of knowledge of the facts that constitute the offense"). The relevant fact here that needed to be shown was Appellant's knowledge of Richards' BAC.

Even under a more relaxed "should have known" standard,[4] we conclude that the Commonwealth failed to produce sufficient evidence. The Commonwealth chose to charge Appellant with knowingly authorizing Richards to violate Section 3802(e). "The criminal information 'sets the stage for trial and what the Commonwealth intends to prove.'" *Commonwealth v. Martin*, 297 A.3d 424, 432 (Pa. Super. 2023) (quoting *Commonwealth v. King*, 234 A.3d 549, 563 (Pa. 2020)). While there was no criminal information as Appellant was issued a citation by Trooper Gutta, that citation specifically

---

[4] In *Tharp*, we stated that the trial court's instruction "did not adequately cover the permission aspect and did not address the knowledge factor at all. … Whether the jury would choose to believe that Tharp did not know **or should not have known** Scoviak's condition just prior to 6:00 a.m.…." *Tharp*, 541 A.2d at 18 (emphasis added). *See also Commonwealth v. J.F. Lomma, Inc.*, 590 A.2d 342, 345–46 (Pa. Super. 1991) (observing that Section 1575 does not impose absolute liability upon vehicle owners for the conduct of their employees; "[Section] 1575 …. requires specifically that a vehicle owner knew or should have known that an authorized operator of the owner's vehicle would violate provisions of the Vehicle Code.") (citing *Tharp*).

- 10 -

charged Appellant with permitting a violation of Section 3802(e). N.T. at 8 (Trooper Gutta stating that he issued "a summary violation of permitting violation of title for 3802(e)"). "[I]t has long been the law in Pennsylvania that the Commonwealth is restricted to proving what it has set forth" in a bill of particulars. ***Commonwealth v. Simione***, 291 A.2d 764, 766 (Pa. 1972). Where the citation is the only charging document to speak of, the Commonwealth was required to establish that Appellant knew, or should have known, that Richards BAC was at or above 0.02, not merely that she appeared to be intoxicated at all.

The evidence supporting a conclusion that Appellant knew Richards' BAC exceeded that level is lacking. The Commonwealth did not elicit what BAC was obtained from Richards, if any. The Commonwealth did not present evidence concerning her performance on field sobriety tests or even whether those tests were conducted. The record establishes only that Richards was charged with a DUI violation. In fact, the Commonwealth conceded that it was unaware what charges Richards faced. N.T. at 16 (the Commonwealth's stating: "I don't know what she was charged with in terms of DUI. I don't know if it's a general impairment or if it's -- I – I don't know, you know?").

The failure to develop the record is fatal to the Commonwealth's case. We agree with the Commonwealth that circumstantial evidence could suffice to establish the statutory *mens rea.* Thus, we reject Appellant's claim to the extent that he argues it was impossible for the Commonwealth to establish that he knew Richards' BAC level was at least 0.02. ***See*** Appellant's Brief at

5 (arguing that Section 1575(a) should be deemed unconstitutional because "[t]here would be no way … to know short of carrying around a portable BAC testing machine" whether an individual's BAC level exceeds the relevant threshold). If, for example, the Commonwealth presented evidence that Richards' BAC was extremely high and that she could not stand straight and reeked of alcohol, a rational fact-finder could conclude that Appellant knew her BAC was at, or exceeded, the very low threshold of 0.02.

This case falls on the other side of that spectrum: the evidence presented is so weak that the Commonwealth failed to show the requisite *mens rea*. To show that Appellant knew or should have known that Richards' BAC was at or above 0.02, the Commonwealth relies on two pieces of evidence provided by the Trooper: an odor of alcohol and visual signs of impairment. We do not find that the combination of these pieces of evidence is sufficient to permit a rational inference that Appellant knew, beyond a reasonable doubt, that Richards' BAC was at or above 0.02.

Beginning with the odor of alcohol, Trooper Gutta testified that the odor of alcohol came from the interior of the vehicle, which obviously included Appellant. The trooper stated: "I … identified the operator as [Richards] and had smelled the strong odor of an alcoholic beverage emanating from within the -- the vehicle…." N.T. at 6. Notably, the Trooper did not testify that the odor of alcohol emanated from Richards alone. While the Commonwealth is not required to rule out innocent explanations, this extremely thin evidence does not justify a rational inference that the "strong odor" came from Richards

as opposed to Richards and/or Appellant.  *Cf. Commonwealth v. Brown*, 52 A.3d 1139, 1157 n.18 (Pa. 2012) ("[I]n those extreme situations where witness testimony is so inherently unreliable and contradictory that it makes the jury's choice to believe that evidence an exercise of pure conjecture, … no reasonable jury could rely on such evidence to find all of the essential elements of the crime….").  The Commonwealth simply failed to establish the source of the odor of alcohol.  Appellant himself may have been intoxicated, which would be an obvious reason for why he allowed Richards to drive his vehicle in the first place.  Without any further evidence showing that the odor of alcohol was detected on Richards' breath or from her person, we cannot conclude that the Commonwealth established that Appellant knew or should have known of her intoxicated state based merely on an odor of alcohol coming from the vehicle's interior.

This leaves the trooper's observation that Richards was obviously impaired.  The Commonwealth relies on case law holding that lay witnesses may opine as to whether another individual was drunk.  *See Commonwealth v. Bowser*, 624 A.2d 125, 133 (Pa. Super. 1993) ("Intoxication is a matter of common knowledge, and opinions given by lay people are permissible on the issue.").  We accept *arguendo* that lay opinion could suffice to meet the Commonwealth's burden.  However, as with the odor of alcohol, the Commonwealth overstates the strength of this evidence and the corresponding inferences that may rationally be drawn from that evidence.  Trooper Gutta testified only that Richards exhibited signs of impairment, but

was not asked to elaborate on this point. Therefore, the facts informing the trooper's perception do not appear in the record. We cannot assess whether the Commonwealth established sufficient evidence to warrant a conclusion that Appellant "knowingly" permitted Richards to violate Section 3802(e) based merely on that short conclusory statement.

The Commonwealth attempts to combat this by pointing out that Appellant "was a passenger … and therefore privy to the same visual information at the same time as Trooper Gutta[.]" Commonwealth's Brief at 12. We are unpersuaded. Trooper Gutta filed criminal charges against Richards and presumably performed field sobriety tests. Trooper Gutta may well have formed his opinion regarding impairment based solely on his visual observation of Richards. But he may have subsequently formed that opinion based on field tests or interactions taking place outside the vehicle. Thus, the Commonwealth's argument that Appellant and Trooper Gutta were in equal positions to assess her level of intoxication rests on an unsupported premise that Trooper Gutta's perception of Richards' impairment was immediately obvious upon speaking to Richards. We could perhaps credit that conclusion if Richards' BAC level was strikingly high. However, the record is silent as to her BAC level.

In sum, we reject Appellant's argument to the extent that he claims it would have been impossible for the Commonwealth to prevail even if it had proven Richards' BAC and offered detailed lay opinion testimony on her level of intoxication. However, we agree that the Commonwealth's evidence is so

lacking that it does not permit a rational inference that Appellant knew or should have known that Richards' BAC was at or above 0.02. We therefore discharge Appellant's summary offense conviction for Section 1575(a).

Conviction discharged for Section 1575(a) offense.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 12/12/2023