J-S01009-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
CLIFFORD MIKE YOUNCE :
:
Appellant : No. 569 MDA 2024

Appeal from the Judgment of Sentence Entered October 23, 2023
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0001565-2022

BEFORE: NICHOLS, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY NICHOLS, J.: **FILED: MAY 6, 2025**

Appellant Clifford Mike Younce appeals from the judgment of sentence imposed following his conviction for one count of driving under the influence of a controlled substance—impaired ability (DUI). On appeal, Appellant challenges the sufficiency and the weight of the evidence. We affirm.

The events giving rise to the instant appeal stem from a motor vehicle crash in York County during the early-morning hours of January 15, 2022. Members of the Northern York County Regional Police Department responded to the scene. N.T., 9/15/23, at 6. Following further investigation, Officer Lyssa Pantella placed Appellant under arrest on suspicion of DUI. *Id.* at 24. Officer Pantella transported Appellant to Memorial Hospital, where he consented to a blood draw. *Id.* at 24-25. Tests of Appellant's blood sample

---

[*] Former Justice specially assigned to the Superior Court.

indicated the presence of clonazepam, 7-aminoclonazepam, buprenorphine, and norbuprenorphine.  ***Id.*** at 27.

The Commonwealth charged Appellant with one count of DUI.[1]  The case proceeded to a bench trial, where the trial court convicted Appellant and imposed a sentence of six months' restrictive probation.  ***See*** N.T., Sentencing, 10/23/23, at 5.  Appellant timely filed post-sentence motions, which the trial court denied by operation of law pursuant to Pa.R.Crim.P. 720(B)(3) on March 19, 2024.  Appellant filed a timely notice of appeal, and both Appellant and the trial court complied with the mandates of Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

1. Was the evidence presented by the Commonwealth insufficient to support a conviction of [DUI] where the Commonwealth failed to prove beyond a reasonable doubt that the prescription drugs in [Appellant's] system caused him to be impaired such that he was [incapable] of safely driving?

2. Was the [trial court's] verdict of guilty of [DUI] against the weight of the evidence where the Commonwealth's evidence that prescription drugs caused [Appellant] to be impaired was tenuous, vague, and uncertain?

Appellant's Brief at 4.

Appellant first raises a challenge to the sufficiency of the evidence. Specifically, Appellant claims that the Commonwealth failed to establish that

---

[1] 75 Pa.C.S. § 3802(d)(2).  The Commonwealth dismissed several other charges immediately before trial commenced.  ***See*** N.T., 9/15/23, at 3.

Appellant's ingestion of prescription medication impaired his ability to safely drive. *Id.* at 11.

When reviewing a challenge to the sufficiency of the evidence, we are governed by the following standard:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all of the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Webber*, 306 A.3d 921, 925-26 (Pa. Super. 2023) (citations omitted).

Appellant challenges the sufficiency of the evidence relating to his sole conviction of a violation of Section 3802(d)(2) under the Motor Vehicle Code. Section 3802(d)(2) provides:

> **(d) Controlled substances.—**An individual may not drive, operate or be in actual physical control of the movement of a vehicle under any of the following circumstances:
>
> $$* \quad * \quad *$$

> (2) The individual is under the influence of a drug or combination of drugs to a degree which impairs the individual's ability to safely drive, operate or be in actual physical control of the movement of the vehicle.

75 Pa.C.S. § 3802(d)(2).

> Put another way,
>
>> to convict a defendant under this section, the Commonwealth must establish three elements: 1) that the defendant drove; 2) while under the influence of a controlled substance; and 3) to a degree that impairs the defendant's ability to drive safely. *Commonwealth v. Griffith*, 32 A.3d 1231, 1239 (Pa. 2011).
>>
>> Evidence of consumption of a drug, standing alone, is insufficient to prove impairment. *Commonwealth v. Etchison*, 916 A.2d 1169, 1172 (Pa. Super. 2007). Instead, impairment evidence should be drawn from the totality of the factual circumstances. *Commonwealth v. DiPanfilo*, 993 A.2d 1262 (Pa. Super. 2010). Contrary to [the defendant's] assertion, our Supreme Court has recognized that Subsection 3802(d)(2) "does not require that a drug be measured in the defendant's blood." *Griffith*, 32 A.3d at 1238. Further, we note there is no "mandatory requirement for expert testimony to establish that the defendant's inability to drive safely was caused by ingestion of a drug[.]" *Id.* at 1239.

*Commonwealth v. Spence*, 290 A.3d 301, 309-10 (Pa. Super. 2023); *see also Commonwealth v. Carraballo*, 325 A.3d 1025, 1032 (Pa. Super. 2024).

> This Court has previously explained:
>
>> We have emphasized that Section 3802(d)(2) does **not** require that any amount or specific quantity of the drug be proven in order to successfully prosecute under that section. Rather, the Commonwealth must simply prove that, while driving or operating a vehicle, the accused was under the influence of a drug to a degree that impaired his or her ability to safely drive that vehicle.

*Commonwealth v. Hutchins*, 42 A.3d 302, 307 (Pa. Super. 2012) (citations omitted, emphasis in original); *see also Commonwealth v. Nestor*, 314 A.3d 863, 874 (Pa. Super. 2024).

Finally, we note that in order to obtain a conviction under Section 3802(d)(2), the Commonwealth is not required to introduce expert testimony. *See Carraballo*, 325 A.3d at 1032. Specifically, this Court has recently re-affirmed that, "[e]xpert testimony is not necessary to establish impairment under [Section] 3802(d)(2) where there exists other independent evidence of impairment." *Id.* (citing *Griffith*, 32 A.3d at 1239).

In the instant case, Appellant contests whether the Commonwealth proved beyond a reasonable doubt that his ingestion of controlled substances impaired his ability to safely drive a vehicle. The trial court heard extensive testimony from Officer Lyssa Pantella of the Northern York County Regional Police Department. First, Officer Pantella testified that on January 15, 2022, at approximately 5:22 a.m., she responded to a dispatch for a motor vehicle crash in the area of South Salem Church Road and East Berlin Road in York County, Pennsylvania. N.T., 9/15/23, at 6. Upon her arrival, Officer Pantella stated that a vehicle was "half on, half off the roadway." *Id.* at 7. Officer Pantella observed that the both the front and rear passenger-side tires were flat and that there was damage to the passenger side of the vehicle. *Id.* at 11-12. She also observed a large boulder on the road "further up," which Officer Pantella described as "the only obstacle on the roadway that would cause damage of that nature." *Id.* at 12.

- 5 -

Officer Pantella approached the vehicle, where she observed Appellant slouched over the steering wheel. *Id.* at 8. After knocking on the window and announcing her presence, Officer Pantella did not receive a response from Appellant. *Id.* She then opened the door and physically touched him, and was unable to wake Appellant up until she rubbed on Appellant's sternum. *Id.* at 8-9.

Upon waking Appellant up, Officer Pantella observed that Appellant was initially confused and had slurred speech. *Id.* at 13. Officer Pantella requested that Appellant exit the vehicle and participate in standardized field sobriety tests. *Id.* at 13-14. Overall, Officer Pantella testified that the purpose of standardized field sobriety tests is to ascertain an ability to follow instructions, maintain balance, and coordination. *Id.* at 15-16. Officer Pantella testified that she was trained to look for signs of impairment, including poor balance, eye movement, and the ability to follow instructions. *Id.* at 16.

Officer Pantella first testified about the walk-and-turn test. *Id.* at 17. She testified that she observed Appellant exhibit poor balance and an inability to follow instructions. *Id.* at 17-18. The officer testified that Appellant performed the one-leg-stand test. *Id.* at 18. Officer Pantella testified that Appellant had difficulty following instructions and exhibited poor balance. *Id.* at 19-20.

Appellant next completed the lack of convergence test and the modified Romberg test, which are part of the battery of tests known as the advanced

roadside driving enforcement (ARIDE)[2] tests. Officer Pantella testified that as of January 15, 2022, she was not certified to administer ARIDE tests, so Officer Bailey[3] administered the ARIDE tests to Appellant; however, between January 15, 2022 and trial, Officer Pantella obtained her ARIDE certification. *Id.* at 20-21. During trial, Officer Pantella testified as to her observations of Officer Bailey administering the ARIDE tests, while watching her body-cam footage.[4] *Id.* at 21-22. Officer Pantella indicated that she could not recall seeing any signs of impairment from the ARIDE tests based on either the video or her memory. *Id.* at 23-24.

Importantly, Officer Pantella testified that standardized field sobriety tests are designed to detect impairment as a result of alcohol consumption, while ARIDE tests are designed to detect impairment from the ingestion of controlled substances. *Id.* at 23. However, Officer Pantella testified that the standardized field sobriety tests can also be used to determine whether an individual is impaired due to the ingestion of a controlled substance. *Id.*

---

[2] *See Commonwealth v. Sanchez*, 326 A.3d 926, 929 (Pa. Super. 2024).

[3] Officer Bailey's first name does not appear in the record.

[4] The record reflects that Appellant objected to Officer Pantella's testimony regarding Appellant's performance on the ARIDE tests, which the trial court overruled. *See* N.T., 9/15/23, at 21. We note that our review is based upon all evidence admitted at trial. *See Commonwealth v. Duncan*, 314 A.3d 556, 567 n.7 (Pa. Super. 2024); *Commonwealth v. Sanford*, 863 A.2d 428, 431-32 (Pa. 2004).

Officer Pantella further testified that after Appellant was placed under arrest on suspicion of DUI, a search of Appellant's jacket was conducted, and the police recovered a bag of pills was from the lining of the jacket. *Id.* at 28-29. The pills were subsequently tested, which yielded a positive result for flualprazolam, meclonazepam, and clonazepam. *Id.* at 30.

Reviewing this evidence in the light most favorable to the Commonwealth, as verdict winner, we conclude that the Commonwealth has satisfied the elements of DUI pursuant to Section 3802(d)(2) of the Motor Vehicle Code. *See Webber*, 306 A.3d at 925-26; *Spence*, 290 A.3d at 309-10; 75 Pa.C.S. § 3802(d)(2). Accordingly, Appellant is not entitled to relief on this claim.

In his second issue, Appellant raises an alternative challenge to the weight of the evidence.[5] Appellant's Brief at 24. On appeal, Appellant contends that the Commonwealth's evidence that the prescription drugs Appellant ingested impaired his ability to drive was "tenuous, vague, and uncertain." *Id.* Appellant specifically argues that Officer Pantella's opinion that Appellant was impaired "holds no weight" because she never testified as to her personal knowledge of the effects of narcotics. *Id.* at 25. Appellant further argues that "the stipulated lab results prove no more than the fact that [Appellant] indeed had prescription medications in his system." *Id.*

---

[5] It is well-settled that a weight-of-the-evidence challenge "concedes that there is sufficient evidence to sustain the verdict." *Commonwealth v. Watkins*, 315 A.3d 145, 151 (Pa. Super. 2024) (citation omitted and formatting altered).

- 8 -

In reviewing a weight claim, this Court has explained:

The weight of the evidence is a matter exclusively for the finder of fact, who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. A new trial is not warranted because of a mere conflict in the testimony and must have a stronger foundation than a reassessment of the credibility of witnesses. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

On appeal, our purview is extremely limited and is confined to whether the trial court abused its discretion in finding that the jury verdict did not shock its conscience. Thus, appellate review of a weight claim consists of a review of the trial court's exercise of discretion, not a review of the underlying question of whether the verdict is against the weight of the evidence. An appellate court may not reverse a verdict unless it is so contrary to the evidence as to shock one's sense of justice.

***Commonwealth v. Gonzalez***, 109 A.3d 711, 723 (Pa. Super. 2015) (citations and quotation marks omitted).

As this Court has repeatedly stated:

The weight of the evidence is exclusively for the finder of fact, who is free to believe all, none, or some of the evidence and to determine the credibility of the witnesses. Resolving contradictory testimony and questions of credibility are matters for the finder of fact. It is well-settled that we cannot substitute our judgment for that of the trier of fact.

\* \* \*

Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of

the evidence and that a new trial should be granted in the interest of justice.

Furthermore, in order for a defendant to prevail on a challenge to the weight of the evidence, the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court.

*Spence*, 290 A.3d at 311 (citations omitted and formatting altered).

Here, the trial court addressed Appellant's weight-of-the-evidence claim as follows:

[Appellant] contends that the evidence regarding impairment due to drug consumption was so tenuous, vague, and uncertain that the [trial court] could not have possibly found [Appellant] was incapable of safe driving due to drug consumption. This contention is without merit for the reasons set forth in regard to the sufficiency of the evidence above.

[Appellant] further contends that the trial court applied too much weight to [Appellant's] performance on the field sobriety tests, and claims that greater weight should have been given to the weather, the amount of time he spent on the side of the road, and the lack of expert testimony. In regard to the length of time [Appellant] spent on the side of the road, he testified at trial that the tow truck driver said they could be there within three to four hours. However, on Officer Pantella's body cam he can be heard telling the officers that the tow truck driver said he would be there in half an hour. Therefore, it is not clear how long [Appellant] was on the side of the road. Moreover, the trial court did not find [Appellant's] claims at trial that his heater was not working properly to be credible.

The trial court also did not find [Appellant's] explanation regarding his tires or the vehicle damage to be credible. As previously indicated in response [to] the sufficiency of the evidence above, the trial court found that the credible evidence is consistent with [Appellant's] vehicle striking the boulder.

[Appellant's] claim that the ARIDE tests showed no signs of impairment is a mischaracterization of the testimony. Officer Pantella testified that she was not the officer to administer those tests, and that she could not tell from the MVR and the body cam

- 10 -

[footage] whether [Appellant] showed signs of impairment from those tests or not. That is clearly not the same as saying that [Appellant] showed no signs of impairment.

[Appellant's] claim that he had merely fallen asleep is disingenuous and incredible given the fact that he was completely unresponsive, and the various methods the officer had to use to rouse him.

Given the foregoing, and for the reasons set forth in response to the sufficiency of the evidence set forth above, the trial court's verdict was not contrary to the evidence and does not shock the conscience of the trial court.

Trial Ct. Op., 7/5/24, at 14-15 (some formatting altered).

Based on our review of the record, we discern no abuse of discretion by the trial court in denying Appellant's weight claim. *See Gonzalez*, 109 A.3d at 723. We note that credibility determinations and the resolution of conflicting evidence are exclusively within the province of the fact-finder, and that this Court cannot substitute its judgment for that of the fact-finder. *See Spence*, 290 A.3d at 311. The record amply supports the trial court's verdict that Appellant's ingestion of prescription medication impaired his ability to drive safely. *See* 75 Pa.C.S. § 3802(d)(2). Therefore, Appellant is not entitled to relief on his weight-of-the-evidence claim.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/06/2025